**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEORGIA ELAINE ROBERTS,**

       **Plaintiff,**

-vs-                                                     Case No. 6:12-cv-421-Orl-31DAB

**WINTER SPRINGS POLICE DEPT., CITY OF WINTER SPRINGS, PATRICK CHRISTOPHER WHITAKER, III, VAN LEE PHILLIPS, BERNARD A. MCPHERSON, JOHN K. BRIGGLE, THOMAS J. PADGETT, ALLISON SMITH, MICHELLE M. ANGELOFF, JAMES H. WILKINS, NICHOLAS J. ROMANO, KEVIN P. BRUNELLE, CHRISTOPHER D. DEISLER, TERRY T. BAKER, BRIAN L. GRIEK, JOSHUA BRYAN FAIRCLOTH, ALBERT JOSEPH BOUDREAU, JR. and KEVIN L. SMITH,**

       **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **March 19, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

     In this suit arising out of Plaintiff's two arrests related to stalking crimes, Plaintiff Georgia Roberts has filed claims against the police and prosecutors on behalf of herself and her two minor

children. As best the Court can tell, Plaintiff is asserting direct constitutional claims for violations of the Fourth and Fourteenth Amendments to the United States Constitution against the City of Winter Springs, the Winter Springs Police Department, the arresting officers and detectives from the Department, as well as the assistant state attorneys who prosecuted her. Although not altogether clear from the disjointed statements in the Complaint, Plaintiff was arrested twice and the second time her computer was seized. For the reasons set forth below, it is respectfully **RECOMMENDED** that the Application to Proceed In Forma Pauperis be **DENIED** without prejudice and Plaintiff's Complaint be **DISMISSED** with leave to amend to assert only a § 1983 claim for seizure of her computer against certain entities as set forth below.

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, in order to proceed *in forma pauperis*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts and the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court.

Under Eleventh Circuit precedent, a lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Cummings v. United States*, No. 6:07cv1029-Orl-22UAM, 2007 WL 2302279, *2 (July 25, 2007 M.D. Fla. 2007) (citing *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* "The pauper's affidavit should not be a broad highway into the federal courts." *Cummings*, 2007 WL 2302279 at *2 (citing

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.1984)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Id.* (citing *Phillips*, 746 F.2d at 785).

The Supreme Court held in *Neitzke v. Williams*, that a district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. 490 U.S. 319, 325 (1989). However, the Eleventh Circuit has held, following the Supreme Court's *Neitzke v. Williams* decision, that a complaint's "failure to state a claim is evidence - perhaps even strong evidence - of its frivolousness," and the court must determine whether the pauper's chances of ultimate success are slight. *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) (discussing *Neitzke*, 490 U.S. at 325-28). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28). Alternatively, pursuant to the controlling Supreme Court authority, the Court may also dismiss Plaintiff's complaint if the Court is without jurisdiction over Plaintiff's challenge to her state-court criminal judgments[1].

Plaintiff filed suit against the Winter Springs Police Department and numerous officers and detectives from the Department, for constitutional claims arising out of her arrests in November 2010 and March 22, 2011, when her computer was also seized. Doc. 1. Plaintiff's claims, though confusingly pled, appear to be directed to violation of her civil rights and torts such as invasion of privacy (Doc. 1 at 4) arising out of her arrests; Plaintiff complains about the terms of her plea agreements upon which the criminal judgments were entered. Doc. 1 at 5. Plaintiff also complains about the seizure of her computer at the time of her second arrest - evidence from the computer was

---

[1] According to the Clerk of Court for Seminole County, Florida, judgment for stalking was entered against Georgia Roberts on February 21, 2011. *See* www.seminoleclerk.org, search of Criminal Docket, Case No. 592010MM01121A (visited on March 26, 2012). Georgia Roberts entered a plea agreement on the charge of aggravated stalking on October 13, 2011. *See id.* for Case No. 592011CF001310A.

ultimately suppressed in state court. Doc. 1.

Plaintiff generally cannot bring suit directly for a constitutional violation against a public entity, but may assert properly-supported civil rights claims against the arresting officers or municipality[2] under 42 U.S.C. § 1983 for violation of her constitutional rights. Plaintiff has failed to properly allege a claim under 28 U.S.C. § 1983, but assuming *arguendo* that she could recast her direct constitutional claims as civil rights claims for violation of the applicable constitutional provisions, she still could not state a claim for her arrests. However, she may possibly state a claim for seizure of the computer. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Plaintiff was arrested twice, and following the second arrest, Plaintiff apparently signed a plea agreement and pled *nolo contendre* (Doc. 1 at 5-6). Plaintiff filed suit in this Court asserting direct claims for constitutional violations against – as best the Court can tell[3] – police officers and prosecutors complaining of the terms of her plea agreement. Based on the order of the criminal court judge in the state case (Doc. 1 at 8), the second arrest apparently took place when Plaintiff's probation officer (from the first offense) received information from Plaintiff that she had ingested Xanax and implied that she was going to commit suicide; the probation officer requested the Winter Springs police conduct a well-being check on Plaintiff; police were already en route because the stalking

---

[2]It is also unlikely that Plaintiff could assert even a § 1983 claim against the Police Department, which does not appear to be a distinct entity separate and apart from the City of Winter Springs.

[3]Plaintiff does not properly identify each of the Defendants in the Complaint, but refers to their positions in passing in the allegations and the state court judge identified the arresting officers in the order which Plaintiff attached as an exhibit.

-4-

victim from her first case, Randy Fuhrman, had called regarding Plaintiff having blogged about him on websites in violation of her probation from the first offense.

Plaintiff cannot bring a civil rights action against the police arising out of these arrests if she has signed a plea agreement and had criminal judgment entered against her. Nothing in the Complaint indicates that Plaintiff's criminal misdemeanor and felony judgments have been reversed, expunged, or invalidated and, in fact, they are based on plea agreements agreed to by Plaintiff. Doc. 1. It is not clear that Plaintiff seeks compensatory damages, but it appears that any such claims would be precluded from review by the decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In *Heck*, a state prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which has as a required element that the accused prove the termination of the prior criminal proceeding *in favor of the accused*. 512 U.S. at 484, 114 S.Ct. at 2371. The Supreme Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

> invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed (footnote omitted), in the absence of some other bar to the suit (footnote omitted).

*Id.* at 486-87, 114 S.Ct. at 2372-73 (emphasis added).

The *Heck* decision requires a plaintiff in a § 1983 action who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to make a showing that her conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87, 114 S.Ct. at 2372. If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. *Id.* at 489, 114 S.Ct. 2373. If, in a § 1983 action, a plaintiff contends that a favorable ruling on her claims would not invalidate her conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for her claims to proceed. *Id.* at 487, 114 S.Ct. at 2374.

Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy *Heck*'s favorable termination requirement. *See, e.g., Gray v. Kinsey*, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by *Heck's* favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court); *Domotor v. Wennet*, 630 F. Supp.2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that *Heck* seeks to preclude" because Plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); *St. Germain v. Isenhower*, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and

misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by *Heck*). While the determination of whether a disposition is 'favorable' may be complex, generally, "only terminations that indicate the accused is innocent outright ought to be considered favorable." *St. Germain*, 98 F. Supp. 2d at 1371 (citing *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998).

Plaintiff plead *nolo contendre* to the charges against her. Doc. 1 at 5. In Florida, a plea of *nolo contendre* is recognized as the equivalent of a guilty plea. *See* Fla. R.App. P. 9.140(b)(2). Plaintiff has not shown that her criminal judgment or sentence has been reversed, expunged, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, any damages claims that would invalidate Plaintiff's convictions or sentences if the Court were to rule favorably upon them would be precluded by the *Heck* decision because Plaintiff has failed to establish that her criminal judgments or sentences have been invalidated in a manner prescribed by *Heck*. As a result, even if Plaintiff could state a § 1983 civil rights claim arising out of her arrest, Plaintiff's claims would have to be dismissed because the Court would be without jurisdiction under *Heck*. *See, e.g., Weaver v. Geiger*, 294 Fed.Appx. 529, 534, 2008 WL 4356267, *3 (11th Cir. 2008) (affirming the district court's rejection of civil rights plaintiff's malicious prosecution claim based on *Heck*, noting that he had presented no evidence showing that his conviction had been called into question, thus making such a motion premature).

Plaintiff also cannot assert claims against the prosecutors who prosecuted the case(s) against her because they are entitled to immunity for actions taken within the scope of their prosecutorial roles. "A prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). When a plaintiff fails to offer facts or law to support allegations that the prosecutor

was acting outside the scope of the normal judicial functions, or doing anything other than normal prosecutorial functions, they are entitled to absolute immunity. *See Weaver,* 294 Fed.Appx. at 534. Thus, Plaintiff cannot state a claim against the state prosecutors under the facts alleged and any claims against them must be dismissed.

Based on the allegations in the Complaint, Plaintiff also appears to be asserting a claim for "invasion of privacy" or constitutional violations arising out of the arrests on behalf of her minor children. Under Eleventh Circuit law, a parent does not have the right to bring a pro se action on his child's behalf: "[W]e are compelled to follow the usual rule – that parents who are not attorneys may not bring a pro se action on their child's behalf – because it helps ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."), *see Devine v. Indian River County School Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). Any claim brought by Plaintiff on behalf of her minor children must also be dismissed.

However, Plaintiff also attempts to state a claim for wrongful seizure of her computer during her second arrest. Based on the state judge's order suppressing certain evidence from Plaintiff's computer seized during the second arrest, Police seized the computer during the "well-being check" and subsequent arrest at Plaintiff's home; evidence from the computer was later suppressed by the state criminal court judge. *See* Doc. 1 at 10. Plaintiff *may* be able to state a civil rights claim for violation of her rights under the Fourth and Fourteenth Amendment for wrongful seizure of her computer by the City of Winter Springs[4] and against the officers **only** acting in their official capacities during the seizure of the computer (only).

---

[4]Assuming without deciding that the Winter Springs Police Department is a division of the City of Winter Springs, and not a separate entity.

It is respectfully **RECOMMENDED** that, to the extent Plaintiff seeks to proceed on her Complaint without payment of fees, her application to proceed be **DENIED** without prejudice and her Complaint be **DISMISSED** with leave to amend to assert only a § 1983 civil rights claim for violation of her rights under the Fourth and Fourteenth Amendment for wrongful seizure of her computer as set forth above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 30, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy